EDWARD ROONEY, appellant, *v.* GEO. H. TONG ET AL., respondents.

PRACTICE — *Bill of exceptions — Statement accompanying.* — The record on appeal from judgment of non-suit should contain a statement of the evidence to accompany a bill of exceptions, or the presumption adheres that the judgment of the court below was sustained by the evidence.

In order to decide whether the court below erred in refusing to allow the filing of an amended complaint, the record should set forth a statement of the grounds on which exception was taken to the ruling of the court below.

*Appeal from Second District, Silver Bow County.*

WORD & BALDWIN, for appellants.

This action was brought to try the title or right of possession of the respective parties in and to a certain piece, parcel or lot of mining ground, claimed by the plaintiffs and appellants as the "Keg" lode mining claim, and by the defendants and respondents as the "Goldsmith" lode mining claim.   Before this suit was commenced the respondents had made an application to the government of the United States for a patent to said premises, and the appellants had filed in the United States land office at Helena, Montana territory, their adverse claim to same, and they instituted this action to have the validity of their said adverse claim adjudicated, as they were required to do by the statutes of the United States, or else forfeit all their claim or rights in and to the area in conflict.

The court did not err in sustaining appellants' motion to file an amended complaint.   The court below has power to grant amendments whenever, at any stage of the trial, they are necessary for the purposes of justice. *Lestrade* v. *Barth,* 17 Cal. 285; *Hartley* v. *Preston,* 2 Mont. 415; *Wormall* v. *Reins,* 1 id. 630; *Kirstein* v. *Madden,* 38 Cal. 163; 17 id. 285; 16 id. 357.

A motion to amend a complaint does not come too late because made after the plaintiff has closed his testimony and the defendant has moved for a non-suit.   *Farmer* v. *Cram,* 7 Cal. 135; 32 Cal. 339.

The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, etc. Sec. 117, p. 61, R. S. of Mont. 1879.   See, also, secs. 110–114, id.

The court erred in sustaining defendants' motion to strike the amended complaint from the files.   It shows that the plaintiffs have a good cause of action against the defendants, and in effect only amends the original

complaint in respect to the allegation of who is in the possession of the premises in dispute; the parties are precisely the same. There is no such change in the subject matter as will alter the purpose and object of the action, *i. e.*, to have the title or right of possession to the same and identical premises determined as between the said parties. The ruling of the court in sustaining the motion last aforesaid, if not reversed, will inflict a great hardship upon the plaintiffs — in fact an irreparable injury — far greater than a compulsory non-suit would ordinarily impose; it would prevent the plaintiffs from ever having their claim to the premises described in the complaint adjudicated upon the merits, however valuable and just their claim might be, for it must, under the circumstances of this case, practically operate as a final determination of this action, for another action could not be brought within the time limited by sec. 2326 of the Revised Statutes of the United States; and a suit not brought within the time thereby prescribed would amount to a waiver of all adverse claims of the plaintiffs to the premises in controversy. See Sickles' Mining Laws and Decisions, pp. 191, 289, 290, and especially pp. 320 and 321.

The actions commonly called ejectment and to quiet title both arise *ex delicto.* There is but one form of civil action under the code. All distinctions between legal and equitable actions have been abolished. Sec. 1, p. 41, R. S. of Mont. 1879. See, also, Pomeroy's Remedies and Remedial Rights, pp. 122–125, 614, 616, §§ 565, 566; and New York and North Carolina cases there cited, which permit even a new and different cause of action to be stated in an amended complaint, if the change does not require an alteration in the summons.

The court erred in sustaining defendants' second motion for non-suit, which ruling was erroneous because the plaintiffs had duly filed, by leave of the court, a good and sufficient amended complaint before such ruling was made. No formal exceptions to the above rulings of the

court below were required to be made at the trial; they are deemed to have been excepted to.  Sec. 280, p. 91, R. S. of Mont. 1879.

ROBINSON & STAPLETON, for respondents.  No brief.

WADE, C. J.  This was an action to quiet title.  At the close of the plaintiff's testimony there was a motion for non-suit, which was granted, but as the record does not contain the testimony, we cannot review this action of the court.  Thereupon the plaintiff asked leave to file an amended complaint, which was denied, and the plaintiff had an exception noted, but did not file a bill of exceptions, or make any showing why an amended complaint became necessary.  The record is entirely silent as to setting forth any reason for the exception.  It does not point out any defect in the original complaint to be cured, or any exigency in the proof, making an amended complaint necessary.  It does not show that the plaintiff was taken by surprise or that additional averments were necessary to make the complaint correspond with the proof.  For all that appears the amendment proposed was not material, or was improper, or one not authorized at that stage of the case.

The decision of the court below is presumed to be correct until the contrary is shown, and the presumption attends the decision when it reaches this court and sustains it until its incorrectness is pointed out.  Nor can this court review the decision unless the foundation for so doing is properly laid in the court below.

The judgment is affirmed, with costs.

*Judgment affirmed.*